PER CURIAM.
Sabra Allyson Thornton appeals her conviction of six counts of theft of funds and property from Okaloosa County, the Okaloosa County Sheriffs Office, and as to one of the counts, from Okaloosa County, *321 the Okaloosa County Sheriffs Office or from former Okaloosa County Sheriff Charles Morris personally. On appeal, Ms. Thornton argues that judgment of acquittal should have been granted because the state failed to produce some evidence which contradicted her reasonable hypothesis of innocence. We agree and reverse and remand for entry of judgment of acquittal on all counts.
While the state does not have to rebut every possible factual variation that might be inferred from the evidence, it does have to produce some competent evidence that contradicts the defendant’s reasonable hypothesis of innocence. See State v. Law, 559 So.2d 187, 189 (Fla.1989); see also Lord v. State, 667 So.2d 817, 819 (Fla. 1st DCA 1995). In the case at bar, the state failed to do so.
The state argues that Ms. Thornton’s job was a “sham” and thus she committed grand theft by taking funds and property when she had no intention of working for the Sheriffs Office. The record before this Court, however, reflects that Sheriff Morris had the authority to hire Ms. Thornton and she performed all the services requested of her but she was terminated before she could fulfill the primary lobbying duties to which she had been assigned. While Ms. Thornton certainly was not a model employee, evidence of her lethargy and Sheriff Morris’ salacious motives for hiring her, without more, do not render her employment illusory. Stated otherwise, the state produced no competent evidence inconsistent with Ms. Thornton’s reasonable hypothesis of innocence that she believed her employment was genuine and she lacked any intent to commit theft.
Reversed and remanded for entry of judgment of acquittal on all counts.
HAWKES and THOMAS, JJ., and WALKER, MARK E., Associate Judge, concur.